

**The following constitutes the order of the Court.**

Signed July 7, 2006                                         United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

IN RE:                              §
                                    §
ORCHARD AT HANSEN PARK, LLC         §          Case No.  06-32016 HDH-11
                                    §
        Debtor                      §

## MEMORANDUM OPINION REGARDING
## ORCHARD AND GDW'S MOTIONS TO DISMISS

HSM-Kennewick, LP ("HSM") filed a voluntary Chapter 11 petition on March 3, 2006. HSM and WO Kenneywick, LLC ("WOK") comprise the entire membership of The Orchard at Hansen Park, LLC ("Orchard"). On May 19, 2006, Orchard filed a Chapter 11 bankruptcy petition through an attorney hired by HSM. An attorney claiming to represent the manager of Orchard ("Purported Manager") and a creditor, GDW Capital Partners, LLC ("GDW"), filed motions to dismiss Orchard's Chapter 11 bankruptcy petition arguing, in part, that the Orchard operating agreement requires the consent of all members of Orchard for a voluntary bankruptcy petition. In turn, HSM filed a motion to strike and seeks to strike Purported Manager's motion ("Motion to Strike").

Additionally, HSM argues that the Court cannot consider GDW's motion to dismiss because GDW, as a creditor, does not have standing to raise the issue of HSM's authority to file a bankruptcy petition on behalf of Orchard. At issue in this contested matter is whether a creditor has standing to raise the issue of authority against a corporate debtor. The Court considered the motions to dismiss and Motion to Strike on an expedited basis at a hearing on June 12, 2006.[1]

After reviewing the pleadings, listening to testimony, and hearing counsel's arguments, the Court took the motions to dismiss and the Motion to Strike under advisement. After consideration, the Court finds that (1) Purported Manager's motion to dismiss will be stricken; (2) as a creditor to the Chapter 11 proceeding, GDW has standing to raise the issue of authority against HSM; and (3) GDW's motion to dismiss will be granted, because HSM filed the petition without the unanimous consent of the LLC members of Orchard, as required per the Orchard operating agreement.

The Court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 151, and the standing order of reference in this district. The matter is core, pursuant to 28 U.S.C. § 157(b)(2)(A). This Memorandum Opinion constitutes findings of fact and conclusions of law, pursuant to Federal Rules of Bankruptcy Procedure 7052 and 9014.

I. **SUMMARY OF FACTS**

In June 2003, HSM and WOK organized and entered into a limited liability company agreement under Washington State law. The new company, The Orchard at Hansen Park, LLC was created "to acquire, own, hold, maintain, and operate a 212-unit apartment complex" located in Kennewick, Washington. (See Purported Manager Exhibit 3, Orchard Operating Agreement Art. 2.2). HSM and WOK were the only

---

[1] The Court entered an order consistent with this decision on June 13, 2006.

members of Orchard with HSM controlling 90% and WOK controlling 10% of the equity. The Orchard operating agreement provided WOK as Manager of the LLC and required a unanimous vote of all members and managers of Orchard to file for bankruptcy.

Orchard's obligations include a secured debt to U.S. Bank of more than $11 million and an unsecured "mezzanine debt" of approximately $2.4 million owed to GDW. The U.S. Bank note has a maturity date of June 30, 2006. The mezzanine debt is secured by the LLC membership interest of HSM and WOK in Orchard. Due to a downturn in the economic conditions of the area, the property was not meeting financial expectations and the original investors had not received any returns on their investment. Over the past three years, WOK infused additional capital into Orchard to keep up with debt service requirements. In early spring of 2006, HSM removed WOK as manager of Orchard and hired new management to oversee Orchard.

On May 19, 2006, HSM voluntarily filed a petition on behalf of Orchard seeking protection under Chapter 11 of the United States Bankruptcy Code. Purported Manager and GDW argue that HSM did not follow the corporate formalities expressed in the Orchard operating agreement because HSM did not acquire the consent of all members of the LLC before filing for bankruptcy on behalf of Orchard. Additionally, Purported Manager stresses no member meeting was called by HSM to approve of the bankruptcy filing. HSM states that Purported Manager had been terminated as the Manager of Orchard before the filing and that a new management company had been hired by HSM. HSM argues that Purported Manager does not have standing because it is no longer the Manager of Orchard. Additionally, HSM maintains that GDW does not have standing as

3

a creditor to raise an issue of HSM's authority to file the bankruptcy petition on behalf of Orchard.

**II. ISSUE**

This opinion addresses the question as to whether a creditor has standing to raise the issue of authority to file a bankruptcy petition and to pursue a motion to dismiss when a corporate debtor filed bankruptcy without obtaining approval of all members of the LLC as required per the operating agreement.

**III. ANALYSIS**

**A. Standing Issues**

*Purported Manager's Standing*

The Court agrees with HSM that Purported Manager does not have standing. The Purported Manager claims to be in control of the Debtor as the current manager of The Orchard at Hansen Park, LLC. However, HSM asserts that the entity represented by Purported Manager's counsel is not the current Manager of The Orchard at Hansen Park, LLC. Instead, HSM removed the entity represented by Purported Manager's counsel by letter notice earlier this year and subsequently hired a new manager. As such, Purported Manager is not a party in interest per Rule 1112(b) and does not have standing to challenge the authority of HSM's authority to file a bankruptcy petition on behalf of The Orchard at Hansen Park, LCC. 11 U.S.C. § 1112(b). The Purported Manager's motion to dismiss will therefore be stricken.[2]

---

[2] Because this issue was raised late by HSM and was tried on an expedited basis, this conclusion is binding only for purposes of the pending motions to dismiss.

4

*GDW's Standing*

HSM asserts that, as a creditor to Orchard, GDW lacks standing to challenge HSM's authority to file a bankruptcy petition on behalf of Orchard. HSM claims that only a member of the LLC may challenge the authority of the HSM to file a bankruptcy petition.

However, several courts have held that a creditor to a Chapter 11 bankruptcy may have standing to challenge a bankruptcy filing. *See In re Abijoe Realty Corp.*, 943 F.2d 121, 124-25 (1st Cir. 1991)*; In re Consol. Auto Recyclers, Inc.*, 123 B.R. 130, 137 (Bankr. D. Me. 1991) (citing *In re Cmty. Book Co.*, 10 F.2d 616 (D. Minn. 1926) (upholding a creditor's challenge to filing, even though dismissal benefitted the petitioning creditor)); *In re Memphis-Friday's Assocs.*, 88 B.R. 821 (Bankr. W.D. Tenn. 1989) (holding a creditor may challenge a filing on the basis that it was effected without consent of general partners); *In re AT of Maine, Inc.*, 56 B.R. 55 (Bankr. D. Me. 1985) (allowing a creditor to object to Chapter 11 filing).

Rule 1109(b) expressly states that any "party in interest, including . . . a creditor . . . may raise and [] appear and be heard on any issue in a case under [Chapter 11]." 11 U.S.C. § 1109(b). The Code does not strictly define "party in interest." *Id.*; *Memphis-Friday's*, 88 B.R. at 827. A party in interest "is generally understood to include all persons whose pecuniary interests are [sic] directly affected by the bankruptcy proceedings." *In re E.S. Bankest*, 321 B.R. 590, 594 (Bankr. S.D. Fla. 2005) (citing *In re Alpex Computer Corp.*, 71 F.3d 353, 356 (10th Cir. 1995)). The theory behind Rule 1109(b) allows a party with a financial interest in the outcome of a case to participate in the proceedings in order to protect that interest. *Id.* at 595.

5

In addition, Rule 1112(b) lists grounds upon which a party in interest may object to a bankruptcy filing and request dismissal of the case. 11 U.S.C. § 1112(b). While Rule 1112(b) does not include the issue of corporate authority, the list is nonexclusive. *See Consol. Auto Recyclers, Inc.*, 123 B.R. at 137 n.41 (citing *In re Alves Photo Serv., Inc.*, 6 B.R. 690, 694 (Bankr. D. Mass. 1980)); *see also In re Gucci*, 174 B.R. 401, 403 (Bankr. S.D.N.Y. 1994) (stating the bankruptcy court is not limited to the ten, nonexhaustive enumerated grounds in Rule 1112(b)).

Before determining whether a creditor has standing to seek dismissal, courts have considered whether the creditor has a sufficient stake in the case. *See In re Amatex Corp.*, 755 F.2d 1034, 1042 (3d Cir. 1985); *Consol. Auto Recyclers.*, 123 B.R. at 138; *see also In re Giggles Rest., Inc.*, 103 B.R. 549 (Bankr. D.N.J. 1989). The court should also "tak[e] into account the policies underlying the principles it invokes and the scope of protections intended to be afforded by those policies." *Gucci*, 174 B.R. at 412.

In this case, GDW is a creditor with a stake probably second only to U.S. Bank, the first lien holder. The mezzanine loan provided by GDW is unsecured as to the Debtor but secured by the members' equity interests in the Debtor. Like the creditor in *Consolidated Auto Recyclers*, GDW is "in a far different position than a general creditor of the estate who is otherwise a stranger to the debtor['s] entities." *Consol. Auto Recyclers.*, 123 B.R. at 138. As such, GDW has a sufficient stake and a pecuniary interest in this case and therefore has standing to pursue its motion to dismiss.

### B. Corporate Authority and the HSM Filing

Having concluded that the GDW has standing to raise the issue of authority, the question remains whether HSM had the authority file the bankruptcy petition on behalf of Orchard.

An LLC is a legal entity that has attributes of both a corporation and a partnership. Washington State's statues provide that an LLC will be managed according to the LLC agreement enacted by its members. WASH. REV. CODE ANN. § 25.15.005 (West 2006). The LLC operating agreement is "binding upon" the members of the LLC. *Id.* Generally, any additional state statute will apply only when the operating agreement does not provide a provision. Under Washington law, if the LLC operating agreement does not contain a provision concerning a dissolution, the dissolution of the LLC must have "written consent of all members" *Id.* § 25.15.270 (West 2006).

GDW argues that HSM's actions were based on a unilateral decision instead of a unanimous decision among all members of the LLC to file the bankruptcy petition. In support of this contention, GDW points to the Orchard operating agreement signed by both HSM and WOK. Orchard's operating agreement requires a unanimous vote of all members of the Orchard to "consent to the institution of bankruptcy or insolvency proceedings; or file a petition seeking, or consent to reorganization or relief under any applicable federal or state law relating to bankruptcy." (See Purported Manager Exhibit 3, Orchard Operating Agreement Art. 3.2). The agreement additionally states that a unanimous vote "of all Members [of Orchard], and all managers of the Manager" including Orchard's independent manager is required before filing for bankruptcy. *Id.*

The corporate formalities required by the operating agreement's language are not ambiguous. Without a unanimous vote between the members of Orchard and the managers of the Manager, HSM lacks the authority to file the bankruptcy petition.

However, HSM argues that this Court should ignore the requirement of unanimous consent because the members have not continually observed corporate formalities. *See In re Am. Globus Corp.*, 195 B.R. 263 (Bankr. S.D.N.Y. 1996). In *American Globus*, the court ruled that Mufoletto, the 30% shareholder, could not dismiss the bankruptcy petition on the grounds of lack of corporate authority since Mufoletto also ignored corporate formalities. *Id*. Mufoletto and Gin were the sole shareholders of American Globus Corporation and enter into an agreement that required unanimous consent of all shareholders for any corporate action. *Id*. at 264. Mufoletto began to take corporate actions on behalf of American Globus Corporation without Gin's consent. In response, Gin initiated a Chapter 11 bankruptcy on behalf of the debtor without Mufoletto's consent. *Id*. at 265. Mufoletto relied of Gin's failure to observe corporate formalities and filed a motion to dismiss the bankruptcy petition, but the court held that Mufoletto also "acted in complete disregard of the [] Agreement." *Id*. at 266.

Since Mufoletto and Gin continually disregarded the corporate formalities, Mufoletto could not rely then on corporate formalities to dismiss the bankruptcy petition. The court also noted that "dismissal of a bankruptcy proceeding, for noncompliance with corporate bylaws or state law upon the motion [of a party in interest] who holds what otherwise might be a preferential transfer, would be unjustified in both law and equity." *Id*. (citing *In re Autumn Press, Inc.*, 20 B.R. 60, 63 (Bankr. D. Mass. 1982)).

HSM's reliance on *American Globus* is misplaced. Documents offered into evidence suggest that until the bankruptcy petition was filed, the corporate formalities were observed by HSM and WOK while operating Orchard. In accordance with Article 3.3 of the operating agreement, both HSM and WOK sent meeting notices while operating Orchard in order to establish a unanimous quorum to update the operating agreement, discuss offers to buy Orchard, outline sales strategies, consider loan extensions, and contemplate a voluntary bankruptcy. In addition, WOK acting as the manager of Orchard filed tax returns pursuant to the operating agreement. The facts in this case contrast the "complete disregard" found in *American Globus*.

In addition, HSM has not provided a showing of case law created exceptions that would allow HSM to file the petition without unanimity by all members of the LLC. Furthermore, HSM did not petition for a judicial dissolution, request the authority to file bankruptcy from a court, or offer additional reasons why the circumstances render the dissolution equitable. *See* WASH. REV. CODE ANN. § 25.15.275 (West 2006).

Both Washington law and the Orchard operating agreement require unanimous consent of the LLC members to file bankruptcy. Since HSM did not acquire the unanimous consent of the LLC members, HSM does not have the authority to file bankruptcy on behalf of Orchard.

**IV.** **Conclusion**

While the Court agrees with HSM that this case cries out for bankruptcy relief, the case must be dismissed because HSM does not have the consent of all members of the LLC to file the bankruptcy petition. A creditor with a pecuniary interest and a sufficient stake in the outcome of the case has standing to raise the issue of authority against a corporate debtor. For the reasons set forth herein, HSM's Motion to Strike Purported Manager's motion to dismiss will be granted, and GDW's motion to dismiss will also be granted.